**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

BRANDON CHRISTOPHER SCOTT,

                    Plaintiff,

vs.

FIRST ADVANTAGE BACKGROUND SERVICES CORP.,

                    Defendant.

CASE NO.:

**JURY TRIAL DEMANDED**

**COMPLAINT**

Plaintiff Brandon Christopher Scott ("Plaintiff"), by and through his attorneys, brings the following Complaint against First Advantage Background Services Corp. ("Defendant" or "First Advantage") for violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, arising out of an employment background check report that falsely portrayed Plaintiff as a serial criminal and misdemeanant.

**THE PARTIES**

1. Plaintiff Brandon Christopher Scott is an individual person residing in the City of Largo, in Pinellas County, Florida.

2. Defendant First Advantage Background Services Corp. is a Georgia corporation that conducts more than 55 million international background screens annually. https://fadv.com/about-us/ (last visited March 19, 2019). Defendant's principal place of business is at 1 Concourse Parkway NE, Suite 200, Atlanta, Georgia 30328.

3. Defendant is a consumer reporting agency as defined at 15 U.S.C. § 1681a(f) because for monetary fees, it regularly engages in the practice of evaluating and/or assembling information on consumers for the purpose of furnishing consumer reports for employment purposes to third parties, and uses interstate commerce, including the Internet, for the purpose of preparing and furnishing such consumer reports.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District.

6. Pursuant to U.S. District Court for the Middle District of Florida Local Rule 1.02, this proceeding is properly instituted in the Tampa Division of the Middle District because Pinellas County has the greatest nexus with the cause.

7. First Advantage knew in this case, and many others, that the subject of its background check report was a Florida resident applying for employment in Florida who would be adversely affected by negative information contained in its background check report.

8. As such, First Advantage engages in substantial and not isolated activity within Florida and this Court has personal jurisdiction over First Advantage pursuant to Sections 48.193(1)(a)1., 2., and 6. of the Florida Statutes.

9. Based on the foregoing, First Advantage has sufficient contact with the State of Florida that exercising personal jurisdiction over First Advantage complies with fair play and substantial justice, as required by due process.

10. As here, many of these background check reports relate to Florida residents located in the Middle District of Florida. As such, First Advantage conducts substantial and regular business activities in the Middle District of Florida and, pursuant to 28 U.S.C. 1391(c)(2) and (d), First Advantage resides in the Middle District of Florida.

## THE FCRA'S PROTECTIONS FOR JOB APPLICANTS

11. Despite its name, the Fair Credit Reporting Act covers more than just credit reporting, it also regulates employment background checks like the one procured in Plaintiff's name.

12. The FCRA provides a number of protections for job applicants who are subjected to background checks.

13. In the parlance of the FCRA, background checks are "consumer reports," and providers of background checks, like First Advantage, are "consumer reporting agencies." 15 U.S.C. §§ 1681a(d), (f).

14. Under 15 U.S.C. § 1681e(b), consumer reporting agencies are required "to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

## FACTS

### Defendant's Inaccurate Background Check

15. In or around October 2017, Plaintiff applied for employment with Molex, Inc. ("Molex"), a manufacturer of electronic, electrical, and fiber optic interconnection systems, through Adecco Staffing ("Adecco") in Jacksonville, Florida.

16. In or around October 2017, Plaintiff participated in an in-person interview with a Recruiter at Adecco, Corey Michaels ("Mr. Michaels"), in Jacksonville, Florida.

17. In or around October 2017, Plaintiff participated in an in-person interview with a Hiring Supervisor for Molex in Pinellas Park, Florida. During this interaction, Plaintiff received a verbal offer of employment from the Hiring Supervisor, contingent upon passing a background check.

18. Adecco contracted with First Advantage to conduct background checks, including criminal background checks, on the prospective employees that it was attempting to place in the job market.

19. On October 6, 2017, Adecco ordered a criminal background check on Plaintiff from First Advantage.

20. On October 11, 2017, in accordance with its standard procedures, First Advantage completed Plaintiff's background check.

21. On October 13, 2017, Plaintiff received email correspondence from Mr. Michaels containing a Pre-Adverse Action Notice, which informed Plaintiff that Molex was intending to take adverse action on his employment status based in whole or in part on a consumer report prepared by First Advantage, and a copy of the background check report ("background report").

22. First Advantage's background report on Plaintiff contained five pages of information, including four grossly inaccurate and stigmatizing misdemeanor convictions.

23. The background report listed the following three misdemeanor criminal convictions from Darlington County, South Carolina, belonging to a "Brandon Da Mon Scott" and reported as follows:

1. Case 1

    Case Reference #: 49418GJ
    DOB on File: 8/17/XXXX
    Charge: DRUGS/POSSESSION OF 28 GRAMS 1 OUNCE OR LESS OF MARIJUANA OR 10 GRAMS
    Charge Type: Misdemeanor
    Disposition: Guilty

2. Case 2

    Case Reference #: 49981GJ
    DOB on File: 8/17/XXXX
    Charge: DRUGS/POSSESSION OF 28 GRAMS 1 OUNCE OR LESS OF MARIJUANA OR 10 GRAMS
    Charge Type: Misdemeanor
    Disposition: Guilty

3. Case 3

    Case Reference #: 27199FX
    DOB on File: 8/17/XXXX
    Charge: DRUGS/POSSESSION OF 28 GRAMS 1 OUNCE OR LESS OF MARIJUANA OR 10 GRAMS
    Charge Type: Misdemeanor
    Disposition: Guilty

24. The background report also listed the following misdemeanor criminal conviction from Darlington County, South Carolina, belonging to a "Brandon L Scott" and reported as follows:

1. Case 4

    Case Reference #: G802979
    DOB on File: 8/17/XXXX
    Charge: DRIVING UNDER SUSPENSION NOT SUSPENDED FOR DRIVING UNDER INFLUENCE
    Charge Type: Misdemeanor
    Disposition: Guilty

25. **None** of these Darlington County misdemeanor convictions belong to Plaintiff.

26.     A cursory review of the criminal convictions as reported in the background report, and as reported in the underlying court records from Darlington County, confirms that the records belong to two unrelated Black males: 1) Brandon Da Mon Scott, living in Florence and Darlington, South Carolina, and 2) Brandon L Scott, living in Quinby, South Carolina. Had First Advantage actually consulted or obtained the underlying court records, it would have seen obvious discrepancies between Convicted Misdemeanant Brandon Da Mon Scott, Convicted Misdemeanant Brandon L Scott, and Plaintiff.

27.     The discrepancies that should have caused First Advantage to realize Plaintiff is not the same person as Convicted Misdemeanant Brandon Da Mon Scott and Convicted Misdemeanant Brandon L Scott, include the following: (i) Plaintiff has not lived in South Carolina since 2009 but the charges were from 2012 and 2014; (ii) in 2012, Plaintiff was living in Clearwater, Florida, which is 533 miles from Darlington County, South Carolina; (iii) in 2014, Plaintiff was living in Largo, Florida, which is 533 miles from Darlington County, South Carolina; (iv) Plaintiff has never been charged with or convicted of a crime in Darlington County, South Carolina, or in any other county in South Carolina; (v) Plaintiff used his middle name of Christopher or a middle initial "C" in any public records he completed and the middle name "Da Mon" and middle initial "L" appears in the criminal records for the two different "Brandon Scotts" by which First Advantage made the match with Plaintiff; (vi) Plaintiff Brandon Scott has a different date of birth than Convicted Misdemeanant Brandon Da Mon Scott; and (vii) Defendant's report did not include any date of birth for Convicted Misdemeanant Brandon L Scott.

28.     The sole reason the four inaccurate misdemeanor convictions were reported as belonging to Plaintiff was that First Advantage failed to use reasonable procedures to assure the maximum possible accuracy of the information contained within Plaintiff's background report.

Had First Advantage used reasonable procedures, it would have discovered that the inaccurate stigmatizing misdemeanor convictions contained within Plaintiff's background report belonged to two different people living in South Carolina.

29. On October 16, 2017, the first business day after receiving the Pre-Adverse Action Notice from Mr. Michaels, Plaintiff telephoned Mr. Michaels to discuss the background report. Mr. Michaels informed Plaintiff that Adecco was no longer able to help him search for employment opportunities due to the extensive criminal history appearing on the First Advantage background report. Plaintiff insisted the information in the background report was inaccurate and asked Mr. Michaels who he needed to contact to dispute the inaccurate information. Mr. Michaels told Plaintiff he needed to contact First Advantage to submit a dispute.

30. On October 16, 2017, Plaintiff telephoned First Advantage and spoke to a representative. Plaintiff informed the representative that the four misdemeanor criminal convictions contained within his background report did not belong to him and that he had been living in Florida during the years the crimes were committed.

31. On November 14, 2017, approximately a month after submitting his dispute, Plaintiff received mail correspondence from First Advantage informing him that it had completed its reinvestigation of the disputed information and revised the background report.

32. Molex rescinded the offer of employment it had made to Plaintiff as a result of the four inaccurate misdemeanor convictions contained within the background report prepared by First Advantage.

33. In creating and furnishing Plaintiff's employment report, First Advantage failed to follow reasonable procedures to assure that the report was as accurate as maximally possible. In particular, First Advantage allowed a match based solely on the confluence of a common name,

Brandon Scott, in spite of the existence of information which clearly established that Convicted Misdemeanants Brandon Da Mon Scott and Brandon L Scott are not Plaintiff, such as the fact that Convicted Misdemeanants Brandon Da Mon Scott and Brandon L Scott live in a different state than Plaintiff and Defendant's report does not indicate that they share Plaintiff's date of birth or middle name.

34. As a result of First Advantage's violations of the FCRA, Plaintiff has suffered a range of actual damages, including without limitation, loss of employment opportunities, wages, and benefits; loss of economic opportunities and positions and advances in the future; damage to his reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, frustration, humiliation, and embarrassment.

**CLAIM FOR RELIEF**
**COUNT I**
**15 U.S.C. § 1681e(b)**
**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**

35. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1-34, above.

36. Defendant is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

37. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

38. At all times pertinent hereto, the above-mentioned background report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

39. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to "follow reasonable procedures to assure maximum possible accuracy" in the preparation of Plaintiff's background report and the files it published and maintained.

40. As a result of Defendant's violations of 15 U.S.C. § 1681e(b), Plaintiff has suffered a range of actual damages, including without limitation, loss of employment opportunities, wages, and benefits; loss of economic opportunities and positions and advances in the future; damage to his reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, frustration, humiliation, and embarrassment.

41. Defendant willfully violated 15 U.S.C. § 1681e(b) in that its actions were in reckless disregard of the requirements of this provision. Thus, Defendant is liable for punitive damages pursuant to 15 U.S.C. § 1681n.

42. In the alternative, Defendant negligently violated 15 U.S.C. § 1681e(b), which entitles Plaintiff to a recovery under 15 U.S.C. § 1681o.

43. Pursuant to 15 U.S.C. § 1681o and § 1681n, Plaintiff is entitled to actual damages, statutory damages, punitive damages, and reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a) Determining that Defendant negligently and/or willfully violated the FCRA;

b) Awarding actual damages, statutory damages, and punitive damages as provided by the FCRA;

c) Awarding reasonable attorneys' fees and costs as provided by the FCRA; and

d) Granting further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

44. Plaintiff demands a trial by jury.

Dated: April 4, 2019

BARRY S. BALMUTH, P.A.

/s/ Barry S. Balmuth
Barry S. Balmuth
Board Certified Civil Trial and Business Litigation Lawyer
FL Bar No. 0868991
2505 Burns Road
Palm Beach Gardens, FL 33410
Telephone: (561) 242-9400
Fax: (561) 366-2650
barryb@flboardcertifiedlawyer.com

BERGER & MONTAGUE, P.C.
Hans W. Lodge*
MN Bar No. 397012
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Telephone: (612) 607-7794
Fax: (612) 584-4470
hlodge@bm.net
**pro hac vice* motion forthcoming

*ATTORNEYS FOR PLAINTIFF*